# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SEAN M WEBB | ) |
| *Plaintiff,* | ) |
| vs. | ) |
| 1. CITY OF ELYRIA, | ) |
| 2. ELYRIA POLICE DEPARTMENT, | ) |
| 3. ELYRIA POLICE CHIEF WILLIAM PELKO, Individually, Supervisor and In his Official Capacity, | ) |
| 4. OFFICER PAIGE MITCHELL Individually and in her Official Capacity, | ) |
| 5. ATTORNEY AMANDA DEERY, Individually, Supervisor and In her Official Capacity, | ) |
| 6. ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, | ) |
| 7. ASHLEY DUESLER, Individually and in her Official Capacity, | ) |
| 8. OFFICER JOSEPH FIGULA Individually and in his Official Capacity, | ) |
| 9. OFFICER MIKE MERRILL Individually and in his Official Capacity, | ) |
| 10. OFFICER ANTHONY WEBER Individually and in his Official Capacity, | ) |
| 11. OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, | ) |
| 12. LT. OFFICER JAMES WELSH Individually, Supervisor and in his Official Capacity, | ) |
| 13. CLERK OF COURT ERIC ROTHGERY Individually, Supervisor and in his Official Capacity, | ) |
| 14. CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity, | ) |
| *Defendants.* | |

CASE NO.: **1 : 23 CV 01126**

JUDGE: **JUDGE FLEMING**

**MAG. JUDGE GREENBERG**

FILED

JUN 0 5 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**COMPLAINT FOR CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 & 1985**

**JURY TRIAL DEMAND**

*Receipt No. 145760 $402.00 6/5/2023 CMH* (handwritten, left margin)

Plaintiff in the above caption case alleges as follows;

## Introduction

This lawsuit arrises out of the defendants, individually and jointly taking part in maliciously and unlawfully arresting the Plaintiff absent probable cause and interfering with his due process & civil rights afforded to him. The facts of this case is that Webb was lawfully and reasonably parenting his minor biological child. The defendant(s) in response conspired to retaliate against Webb with unlawful actions, which resulted to Webb's civil rights being violated. Webb asserts that such actions were a response of his parenting style, gender, political, cultural and religious beliefs that may vary from the defendants. All of which are protected classes and practiced in lawful manner. As well as retaliatory actions by the defendants.

Webb was charged with two counts of domestic violence and one count of assault. Stemming from him grabbing his child by her sweat shirt and alleged verbally threatening corporal punishment over the phone. The incident of him grabbing his child is recorded on a 3rd parties cell phone. Such video is about 88 seconds long, to which Webb has ahold of his daughter for around 10 seconds.

This incident really is over a father trying to help his daughter become an adult. To instill in her that she is required to respect her parents. That she is required to attend school and complete her school work. At the time of this incident BMW is a teenager, testing the boundaries of what she can get away with. Her father attempted to remind her that she is a child and she will do what her parents expect her to do. At no time has Webb ever assaulted or even applied corporal punishment to his child throughout her life. The video clearly shows a father asserting dominance of his minor child to reminder her he is in charge. It is arguable that his actions could have the intent of fear, but at no time did Webb ever grab his child by the throat and choke and slam her.

Throughout the proceedings defendants unlawfully removed his child from him in excess of 6 months. Webb challenged the protection order and the Defendants continued to delay ruling on any of the legal arguments or motions put forth with the court. The defendants vilified him for being a business owner, working 100 hours a week throughout these proceedings.

Webb was given an untimely evidentiary hearing in regards to a Ex-Parte Protection Order. The complaining witness testified that she did not witness Webb choking his child, although she had sworn to such in her written affidavit attached with the charging complaint, when pursuing charges. This is the primary witness who claimed in the affidavit filed with these charges that she witnessed Webb choking BMW. When she was cross examined in the Full hearing, on the protection order. She was asked Did it appear BMW was being choked? She answers "No".  The defendant(s) had a duty to investigate the discrepancies of their witnesses at this moment to pursue justice. Instead of reviewing the facts of the case and the swaying statements made by the complaining witnesses, the defendants decided to doubled down and pursued additional criminal charges against Webb. An additional count of domestic violence stemming from the same incident. These actions were done so with the motive of delaying his speedy trial demand and in an effort to leverage a plea offer and coerce Webb in to submission.

When Webb refused to submit, the defendants manipulated and suppressed exculpatory evidence, such actions that can only be described as a willful Brady Violation *Brady v. Maryland, 373 U.S. 83 (1963).* When Webb realized evidence had been manipulated, altered and suppressed he brought this to the attention of the trial court, through private counsel. While defendants continued to claim such evidence didn't exist, it suddenly appeared and existed at a hearing scheduled mere weeks before trial.

Although the trial judge gave a lengthy verbal analysis of his findings and reasonings for the dismissal of the case, the plaintiffs have continues to conspire, suppress and retaliate against Webb. At the conclusion of the criminal case, defendant Oliver made a verbal threat to Webb through his defense counsel. Asserting that he would continue to come after or pursue Webb. The defendants continued to suppress, falsify and lie in public records such as the internal affairs report of findings of the officers misconduct. Along with other public records. Defendants have refused to investigate the unlawful tampering of evidence and Brady violations Webb asserted and presented proof to the city of Elyria. Defendant(s) have interfered, refused or deleted public records that have statuary time requirements to be stored and done so with the effort to hide their actions from the impending litigation.

Even when looking at evidence most favorable to the prosecution, the trial Judge felt obligated to remove the case from the jury and grant a rule 29a motion for acquittal. It's Webb's position that these actions alone validate the baseless criminal charges pursued against him lacked any probable cause or foundation. Judge White's words speak volumes to what truly happened on the

day in question, a direct contradiction of what the defendants continued to fabricate, falsify and manipulate happened during the criminal proceedings and continue to say happened. Understandably two different people can look at an incident and have two different varying opinions. But an impartial trier of fact looking most favorable of the prosecution still came to the same conclusion that the allegations the defendants made, simply never happened, they were never portrayed in the video as they claimed and even so they were lawful actions. Yet, defendants continue to claim that the video depicts Webb choking BMW.

> *"I didn't see a hand on her throat. I didn't see that in the video. I saw a hand on her hoodie. Her hair was in there also. It was like this. (Gestures grabbing clothing between nipple and collar) There was no squeezing. There was no choking. Everybody testified there was no choking. She could talk. She could breath. He didn't hurt her. I don't believe he hurt her. So I don't believe that there was any physical harm even though there was a red mark. I don't believe there was physical harm. I don't believe that a reasonable person can believe that there was physical harm. Or that an ordinary reasonable person could..."*

**Judge Robert White - Proceeding Trial Judge**

*(11min of 28:12min file labeled Plea__Judge_White_-_203_06-10-2022_1-09-PM.mp4 )*

### Timeline

1. Sean M Webb, Plaintiff in this matter is the biological father of a minor child "BMW", dob 07/18/2009 along with legal rights associated with this child in Case 09JG26993 of the Lorain County Juvenile & Domestic Relations Court.

2. Arrest warrant issued on January 20th, 2022, referencing a date of offense as January 19th, 2022.

3. Webb is charged in case 2022CRB00160 in the Elyria Municipal Court, Lorain County, State of Ohio with two counts ;

   1x Domestic Violence under Ohio Revised Code 2919.25, a misdemeanor in the 1st degree.

   1x Assault under Ohio Revised Code 2903.13 a misdemeanor in the 1st Degree.

4. Webb presents him self to the Lorain County Sheriffs Office on January 25th, 2022 to resolve the warrant for his arrest. He posted bond the same day to be released.

5. On February 16th, 2022, defendant Officer Paige presented an additional charge of Domestic Violence under Ohio Revised Code 2919.25 a misdemeanor in the 4th degree in the aforementioned court and under case number 2022CRB00409. One week before the scheduled Jury trial. Such actions were taken under the direction and supervision of defendant(s) Brandon Oliver, Amanda Deery, James Welsh and William Pelko

6. The Jury Trial schedule for February 24th, 2022 was canceled.

7. Subsequently, a series of motions and hearings were scheduled thereafter to challenge the legality of the protection order and previous court orders.

8. Defendant(s) finally hand over the un-manipulated video evidence to Webb and his counsel on May 16th, 2022.

9. June 9th a Jury Trial commenced and upon closure of the states case, defendant filed a rule 29a motion that was subsequently granted.

## **JURISDICTION**

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over the federal claims concerning violations of the Fourth and Fourteenth Amendments and 42 U.S.C.§1985(3).

This Court also has supplemental jurisdiction under 28 U.S.C.§1367 over the related claims under state law.

Venue is proper in this judicial district under 28 U.S.C. § 1391, because the events giving rise to this civil action occurred in Lorain County, State of Ohio and in this judicial district.

This Court has personal jurisdiction over Defendant City of Elyria, a municipality within the State of Ohio, and over all individual Defendants because they reside in the State of Ohio and they are employed by the city of Elyria, a municipality within the State of Ohio.

**PARTIES**

Plaintiff, **Sean Webb** is a business owner, during this incident Webb resided at 10315 Lorain Ave Cleveland, Ohio 44111, Cuyahoga County. He  currently resides at 3414 Erhart Road Litchfield, Ohio 44253. Medina County.

Defendant **City of Elyria** is a municipality duly organized and existing under the laws of the State of Ohio. Located at 131 Court Street Elyria, Ohio 44035. In the County of Lorain.

Defendant **Elyria Police Department** is a government agency duly organized and existing under the laws of the State of Ohio. Located at 18 West Ave Elyria, Ohio 44035. In the County of Lorain.

Defendant **William Pelko** is an employee of the City of Elyria, serves as the Chief of Police of the Elyria Police Department ("EPD"), and supervises all EPD employees, including Defendants Paige Mitchell and acted in a supervisory capacity and as an agent, servant, and employee of the City of Elyria. This action asserts claims against William Pelko in his supervisory, official, and individual capacities. Defendant at all relevant times was working under the color of law. Employed at 18 West Ave Elyria, Ohio 44035. In the county of Lorain.

Defendant **Paige Mitchell** is an employee of the City of Elyria, serves as Officer of the Elyria Police Department ("EPD"). This action asserts that the officer was working under the color of law and  asserts claims against Paige Mitchell in her official, and individual capacities. Employed at 18 West Ave Elyria, Ohio 44035. In the county of Lorain.

Defendant **Amanda Deery** is an employee of the City of Elyria, serves as the Law Director of the Elyria Office of the Law Director ("LDO"), and supervises all LDO employees, including Defendants Brandon Oliver, Ashley Duesler and acted in a supervisory capacity and as an agent, servant, and employee of the City of Elyria. This action asserts claims against Amanda Deery in her supervisory, official, and individual capacities. Defendant at all relevant times was working under the color of law. Employed at 131 Court Street Elyria, Ohio 44035. In the County of Lorain.

Defendant **Brandon Oliver** is an employee of the City of Elyria, serves as assistant prosecutor for the Elyria Prosecutors office and Office of the Law Director. At all relevant times, Oliver acted as an agent, servant, and employee of the City of Elyria. This actin assets claims against Brandon Oliver in his official capacity and individual capacities. Defendant at all relevant times was

working under the color of law. Employed at 131 Court Street Elyria, Ohio 44035. In the County of Lorain.

Defendant **Ashley Duesler** is an employee of the City of Elyria, serves as an administrative Specialist for the Office of the Law Director. At all relevant times, Duesler acted as an agent, servant, and employee of the City of Elyria. This actin assets claims against Ashley Duesler in her official capacity and individual capacities. Defendant at all relevant times was working under the color of law. Employed at 131 Court Street Elyria, Ohio 44035. In the County of Lorain.

Defendant **Joseph Figula** is an employee of the City of Elyria, serves as Officer of the Elyria Police Department ("EPD"). This action asserts that the officer was working under the color of law and asserts claims against Joseph Figula in his official, and individual capacities. Employed at 18 West Ave Elyria, Ohio 44035. In the county of Lorain.

Defendant **Mike Merrill** is an employee of the City of Elyria, serves as Officer of the Elyria Police Department ("EPD"). This action asserts that the officer was working under the color of law and asserts claims against Mike Merrill in his official, and individual capacities. Employed at 18 West Ave Elyria, Ohio 44035. In the county of Lorain.

Defendant **Anthony Weber** is an employee of the City of Elyria, serves as Officer of the Elyria Police Department ("EPD"). This action asserts that the officer was working under the color of law and asserts claims against Anthony Weber in his official, and individual capacities. Employed at 18 West Ave Elyria, Ohio 44035. In the county of Lorain.

Defendant **Jason Cunningham** is an employee of the City of Elyria, serves as Officer of the Elyria Police Department ("EPD"). This action asserts that the officer was working under the color of law and asserts claims against Jason Cunningham in his official, and individual capacities. Employed at 18 West Ave Elyria, Ohio 44035. In the county of Lorain.

Defendant **James Welch** is an employee of the City of Elyria, serves as an officer with the rank of Lieutenant of the Elyria Police Department ("EPD"), and supervises EPD employees, including the officers listed in this complaint, such as ; Defendants Paige Mitchell, Joseph Figula, Mike Merrill, Anthony Weber, Jason Cunningham and acted in a supervisory capacity and as an agent, servant, and employee of the City of Elyria. This action asserts claims against James Welch in

his supervisory, official, and individual capacities. Defendant at all relevant times was working under the color of law. Employed at 18 West Ave Elyria, Ohio 44035. In the county of Lorain.

Defendant **Matt Krosse** is an employee of the City of Elyria, serves as Chief Deputy Clerk of the Elyria Municipal Court. This action asserts that the clerk was working under the color of law and asserts claims against Matt Krosse in his official, and individual capacities. Employed at 601 Broad Street Elyria, Ohio 44035. In the county of Lorain.

Defendant **Eric Rothgery** is an employee of the City of Elyria, serves as an Clerk of Court with Elyria Municipal Court , and supervises municipal court employees, including the defendants listed in this complaint, such as ; Matt Krosse and acted in a supervisory capacity and as an agent, servant, and employee of the City of Elyria. This action asserts claims against Eric Rothgery in his supervisory, official, and individual capacities. Defendant at all relevant times was working under the color of law. Employed at 601 Broad Street Elyria, Ohio 44035. In the county of Lorain.

## **Complaint**

On or about January 19th, 2022 , officers of the Elyria Police Department ("EPD") conspired to wrongfully accost, arrest, detain, publicly embarrass, and defame Sean Webb ("WEBB"), plaintiff, a father of a minor child, dob 07-18-2009, herein referenced as ("BMW"). In the course of Webb attempting to carry out his constitutionally protected rights to raise his children as he see fit and in a lawful manner, subsequently he was unlawfully arrested by EPD from the result of him being a male parent figure with differing political, religious and cultural views. EPD officers jointly conspired to falsify official records with ill intent to get an arrest warrant issued for Webb. A video was taken and shown to "EPD" during the course of their initial contact and investigation with the alleged "victim(s)" at the scene. The video was also shared with EPD and logged in to evidence. Such video was portrayed to claim that the father was choking his minor child and slamming her head against an object. The narrative of the object seems to vary by each party between a wall or refrigerator. A written complaint was given by the mother, BMW and paternal grandfather of BMW to EPD claiming such choking and assault taking place. However the video evidence that EPD had reviewed

at the time of their investigation clearly does not depict such actions taking place. The video clearly contradicts the written statements that we're given. The video was made available to the officers prior to the written statements being taken. Webb asserts that clearly a high definition video of an alleged crime has more weight to an officer than individuals story of the events, especially biased parties.

However the trial court upon review of such video, determined no such actions are displayed in such video. EPD in an effort to arrest Webb unlawfully conspired to frame Webb with malice intent. Their intentions are displayed when they fraudulently alter the narrative needed to pursue criminal charges. EPD chose to present an original warrant to the City of Elyria Deputy Clerks staff for review to determine if probable cause existed. There are two different files of the same video. The original file which is of high quality and a large file size and a manipulated file that was downgraded in quality so much that it is no longer in high-deffiniton. Blurry in much of the video and about 10% of the size and quality of the original file.

EPD viewed the original video on the device it was captured onFurthermore Webb asserts that by the defendants grossly and negligently falsifying their official report with blatantly inaccuracies would have been a factor on wether an officer of the court believes probable cause existed. Webb asserts that if the report was written in an accurate manor and not grossly misrepresenting statements as facts that probable cause did not exist in either criminal cases. This is affirmed by the trial court granting of the acquittal. The trial judge watched the same video the police did and affirms that no where in the video is Webb choking the child or slamming the child's head in to a wall or refrigerator. The trial judge goes on to state that he does not believe a normal reasonable person can come to this conclusion. Such statement would also invalidate the defendants claims, specifically officer Mitchell writes " Sean met BMW in the kitchen where he immediately grabbed her by the throat and pushed her in the refrigerator stating " Who the fuck do you think you are?". When Bailey did not answer Sean, he pushed her head backwards into the fridge and stated " who the fuck do you think you are?" Again."

When it became obvious Webb was going to enforce his legal rights and fight these allegations, the defendants jointly conspired to pursue additional charges, that lacked probable cause in an effort to pressure him in to a plea arrangement. Mr. Brandon Oliver then conspired with Officer Mitchell to retaliate against Webb by instructing the officer to charge him with an additional charge

of domestic violence, which also lacked probable cause elements of a criminal code violation. Both Officer Mitchell, and Mr. Oliver, Along side the defendants who supervise them grossly and negligently with malice charged Webb with an additional Domestic Violence charge. Ironically it would have been impossible for anyone to actually validate if probable cause existed for such charge since the defendants actually charged Webb with the wrong provision of Domestic Violence and didn't realize it until Webb pointed it out in open court. These actions show how the defendants are so careless in there pursuit of charges and lack of oversight that they simply authorize any charges any of these defendants ask for with zero due diligence to ensure the charges are proper and meet the required legal standards to even pursue a criminal charge.

Such actions were continued by the defendant(s) in an effort to extort Webb in to accepting a plea arrangement, such as;

1. Unlawfully extending of a Ex-Parte Temporary protection order, absent a timely hearing and service of the application.
2. Delay his Speedy Trial demand by intentionally waiting until the last minute to file additional charges
3. Intentionally delaying Webb's request for a speedy trial. By hiding language in journal entries or on the record that Webb was requesting additional time for trial. Even though Webb filed a pleading and made a record that unless he made such requests in writing personally, that he intended to ask for no such request for time extensions.
4. Refuse to issue any order addressing the legality of such protection order and its provisions, such as Webbs parentally rights "being Suspended."
5. Threatening Webb for gaining access to his Childs school records for parental and discovery purposes. Neither actions that were barred under any protection order, yet defendants continually threaten to arrest him for doing so.
6. Hiding and manipulating exculpatory evidence from Webb, vary evidence that exonerated him.

7. Threatening Webb to pursue additional criminal action and litigation against him when he prevailed with a dismissal.

The video that is referenced throughout these pleadings depicts a father grabbing his minor child with his right hand and holding on to portion of the minor Childs clothing between the nipple area and collar area. It can be seen that the father is clearly grasping clothing and not the child directly in any way. A portion of the Childs long hair is in the fathers grasp, but it's obvious it's not intentional nor is the hair a factor in any pain or injury. In this act the defendants asserted the claim that the child is being choked at this moment, even though the Childs facial reactions depict the complete opposite as she displays zero signs of affixation.

After these few seconds of the video you can see multiple third parties get involved and start pulling and pushing on both father and daughter. Which result in the child being pulled backwards by the actions of the third parties. A small physical interactions happens with Webb and multiple parties to which he walks out of the house on his own and drives away.

In an attempt to cover up these illegal actions by the defendant(s) the EPD and the City of Elyria's law Directors office provided a grossly manipulated and degraded version of this video and claim it to be un-modified. Such manipulation degraded the quality of the video in excess of 80% and made it nearly impossible to view clearly. Only upon Webb consulting with an expert did it come to light that the City of Elyria and its agent had knowingly manipulated this evidence. In an attempt to continue to cover up its actions the City had refused to release such evidence. A hearing was required for Webb to gain access to the true un-manipulated file. Such hearing was not conducted with the judge on the bench. It was between defense counsel and defendant Duesler. Mrs. Duesler attempts to interfere with Webb's counsel of gaining access to the evidence counsel was demanding. This hearing was scheduled so Webb's counsel could gain access the video in its un-manipulated form. Ironically Duesler would not allow Webb's counsel to accompany her in to a back office to view the transfer of the file. Mrs. Dueler returns with a USB Drive and claims it obtains the true and accurate copy of the original video. Webb's counsel asked how was this video obtained. Mrs. Duesler lies to counsel by asserting she received it through "Air Drop". However Mrs. Duesler has a windows pc with her and "Air Drop" is an apple or mac only type of service that does not work with windows computers.

Furthermore the file properties of the USB Drive showed that it did not come from a Mac computer. Webb and his counsel inspected the USB drive and immediately determined it was the same file, with the original time stamp of file creation. Mrs. Duesler was confronted by Webb and his counsel about why she lied about how she retrieved the file and where was the original file she became combative and stated "its not my job to handle your evidence. Call your expert." Webb's counsel advised she was going to the judges chambers to discuss this issue and suddenly Mrs. Dueler went back in to her secret office and came out with the true and original copy of the file Webb had been asking for.

The city of Elyria, unlawfully "terminated" Webbs Parental rights, lacking the jurisdiction to do so. When confronted with this in Webb's Pleadings, the court held a hearing and to date never issued a ruling in an attempt to overt Webbs due process rights.

Even after the trier of fact, who watched the same video the police did, determined such actions did not happen in regards to Webb choking his child,EPD has continued to make claims throughout their public records that Webb choked his child on this video. They have continued to conspire to cover up and lie in official records that the officers narratives and reports were accurate. This is the expected outcome citizens expect when police investigate them selves.

## **Causes of Action**

### **First Cause of Action**
### **(VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS: FALSE ARREST & DETENTION PURSUANT TO 42 U.S.C. § 1983)**

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendants, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory

and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

The Defendants arrested and/or issued an unlawful arrest warrant for Webb on  two separate occasions. The Defendants did not have probable cause to arrest Webb.  By arresting Webb, Defendants deprived Webb of his clearly established rights under the Fourth and Fourteenth Amendment to be free from illegal seizure.  As a direct and proximate case of such acts, Defendants deprived Webb of his Fourth and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983.

Defendant(s) Mitchell and Weber acts and omissions resulted in the falsification of public records in an effort to get authorization from Krosse and Rothgery for an arrest warrant in case 2022CRB00160. Defendant(s) Kross intentionally or negligently authorized the false arrest of Webb, absent probable cause of a crime. Kross appears to have conducted no due diligence before affixing his name as the authorized party to determine probable cause existed. Such actions were done under the supervision of defendant Rothgery. Defendants Cunningham and Merrill are the officers who affected the unlawful arrest of Webb, absent of probable cause and under the supervision of defendant Welsh and Pelko. Defendant Mitchell falsely arrested Webb again in case 2022CRB00409 under the direction of Oliver, again without probable cause of a crime being committed. Mr. Oliver was authorized to take such action under the supervision of defendant Derry.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

## **Second Cause of Action**
### **(VIOLATION OF OHIO CONSTITUTION ARTICLE I, SECTION 1 : FALSE ARREST & DETENTION).**

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

By acts and omissions described above, defendants, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Webb was falsely arrested, which acted as a threat, intimidation, or coercion and forced him to give up his fundamental right to be independent and free of unreasonable seizure. While restricting his life and liberty.  Webb was deprived of his clearly established right to be free of unreasonable seizure as guaranteed under federal and state law in violation of Ohio state statutes and the Ohio Constitution.

*"All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."*

Defendant(s) Mitchell and Weber acts and omissions resulted in the falsification of public records in an effort to get authorization from Krosse and Rothgery for probable cause to exist in case 2022CRB00160. Defendant(s) Kross intentionally or negligently authorized the false arrest of Webb, absent probable cause of a crime. Kross appears to have conducted no due diligence before affixing his name as the authorized party to determine probable cause existed. Such actions were done under the supervision of defendant Rothgery. Defendants Cunningham and Merrill are the officers who affected the unlawful arrest of Webb, absent of probable cause and under the supervision of defendant

Welsh and Pelko. Defendant Mitchell falsely arrested Webb again in case 2022CRB00409 under the direction of Oliver, again without probable cause of a crime being committed. Mr. Oliver was authorized to take such action under the supervision of defendant Derry.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

### Third Cause of Action
### (VIOLATION OF FOURTEENTH AMENDMENT: EQUAL PROTECTION PURSUANT TO 42 U.S.C. § 1981 & 1983)

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendants, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity, ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity,ASHLEY DUESLER, Individually and in her Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Defendants falsely arrested, and unjustly treated Webb on account of his gender, culture, religious and political views. If he had been a woman with different views, the defendants would not have treated him in the manner in which they did, or with the disrupt or force with which they did.

Defendants developed and pursued an invented theory, based on the fact Mr. Webb was a male father figure.The history of bias-based policing in Elyria and across America supports the claim that the officers acted intentionally and with bias against Webb.

As a direct and proximate case of such acts, Defendants violated 42 U.S.C. 1983 by violating his Fourteenth Amendment right to equal protection under the laws.

All referenced defendants took part in interfering with Webb's right to equal protection under the laws of the United States and the State of Ohio. Defendant(s) did not apply the law in an equal manor and pursued Webb with criminal charges solely on his differing political, cultural, religious and parenting views as outlined in the complaint.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

**Forth Cause of Action**
**(VIOLATION OF 42 U.S.C. § 1983: CIVIL RIGHTS CONSPIRACY PURSUANT TO 42 U.S.C. § 1983)**

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendant's, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity,ASHLEY DUESLER, Individually and in her Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity, were employed by the

defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Defendants acted in concert to conspire to falsely arrest Webb, inflicting a wrong against him. Defendants took overt acts to carry out there conspiracy to arrest Webb without probable cause. Defendants continued to conspire against Webb by creating falsified police reports, modifying, hiding evidence from him and destroying public records. Lastly by trying to coerce Webb by charging him with additional criminal charges and threatening to charge him with additional false charges.

All referenced defendants took part in conspiring to pursue Webb of criminal proceedings , that lacked probable cause. Furthermore the defendants conspired to convict Webb of the criminal charges by any means necessary such as manipulating evidence, hiding evidence and falsifying official reports in an effort to win by any means necessary.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

### Fifth Cause of Action
### (VIOLATION OF 1985(3): CIVIL RIGHTS CONSPIRACY)

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendant's, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity, ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity,ASHLEY DUESLER, Individually and in her Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity, were employed by the

defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Defendants conspired to deprive Webb of his equal protection of the laws by falsely arresting him. Defendants falsely arrested and treated Webb on account of his gender, culture, political and religious views. If he had been a woman with different views, the officers would not have treated him in the manner in which they did, including by falsely arresting him.

The history of bias-based policing in Elyria supports the claim that the officers acted intentionally and with bias against Mr. Webb.As a direct and proximate cause of such acts, Defendants violated 42 U.S.C. § 1985(3).

All referenced defendants took part in conspiring to pursue Webb of criminal proceedings , that lacked probable cause. Furthermore the defendants conspired to convict Webb of the criminal charges by any means necessary such as manipulating evidence, hiding evidence and falsifying official reports in an effort to win by any means necessary.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

**Sixth Cause of Action**
**ELEVENTH CAUSE OF ACTION (DEFAMATION)**

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendant's, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity, ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity,

CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity, were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Webb is a private figure under the laws of defamation and libel. The false statements made by Defendants in the police report, in testimony, the City of Elyria website and internal affairs reports were of concern for Webb, defamatory, and made with reckless disregard for their truth.

The defamatory statements made by Defendants were published to third parties with the knowledge that such publication would harm the reputation, standing, and employment situation of Webb.

The statements made by Defendants allege that Webb engaged in criminal conduct, and such allegations, which are false, are per se defamatory. The statements made by Defendants prejudiced Webb's profession and business and such allegations, which are false, are per se defamatory. As a proximate cause of the publishing of the false and malicious libel on the City of Elyria website, Webb's reputation, both personally and professionally, has been greatly damaged and he has been subjected to humiliation, scorn and ridicule, and impaired his standing in the community. The defamatory statements resulted in damage to Webb's career and reputation as a business owner as well as severe mental anguish and suffering, loss of income, loss of earning capacity, and loss of business opportunities.

Defendant(s) Mitchell, Weber, Welsh both committed defamation of Webb when they falsified their official reports. Specifically when they falsely narrated what they witnessed in the video herein referred in this complaint. Judge White puts its very elegantly *"I don't believe that a reasonable person can believe that there was physical harm."* When he references the same video the officers viewed. Mitchell also defamed Webb when she spoke of her falsified narrative throughout the legal proceedings. Webb asserts that such testimony is not protected in legal proceedings when its falsely made with the intent to harm a party unlawfully and with malice intent.

Ironically Welsh in his supervisor report narrates what he witnessed in the video and he seems to avoid using the same verbiage that Mitchell and Weber used in their report when referencing if Webb grabbed BMW and was choking her. He seems to do this intentionally throughout his report, all while minimizing defendants Mitchells narrations in her report of what she claims to witness,

Webb choking and pushing his kid. Nevertheless defendant Welsh statements are defamatory and false that an ordinary person could not come to the same conclusion that he assert in his official report. Defendant(s) Welsh and Pelko are the supervisors of these defendants, who participated and allowed such unlawful conduct to take place. Defendant Kross unlawfully and with malice put in an official record that probable cause existed of Webb in regard to Domestic Violence. Such action were unlawful and not found to be true. Rothgery is the supervising party that allowed Kross to take such actions.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

## <u>Seventh Cause of Action</u>
### (VIOLATION OF 42 U.S.C. § 1983: MUNICIPAL LIABILITY)

Mr. Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times,Defendant's, named in this complaint were employed for the defendant, The City of Elyria and were acting " under color of state law" within the meaning of 42 U.S.C. § 1983.

Despite the need for adequate training for police officers responding to calls about alleged crimes in process, Defendant City of Elyria has maintained, and continues to maintain, a policy of providing inadequate training for police officers, prosecutors, assistant prosecutors and law directors.

At all relevant times, Defendant City of Elyria knew or should have known that there was a need for such training.The training currently provided by City of Elyria is inadequate and discriminatory, because it results in bias-based policing, civil rights violations, excessive use of force, and reckless publication of defamatory statements. Defendant City of Elyria policy of providing inadequate and discriminatory training for police officers proximately caused the harms to Webb in violation of 42 U.S.C. § 1983.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

### Eighth Cause of Action
### (SUPERVISORY LIABILITY)

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendant's, THE CITY OF ELYRIA, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity ATTORNEY AMANDA DEERY Individually, Supervisory and in his Official Capacity, were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

By unlawfully seizing Webb, using excessive force against Webb, committing equal protection violations against Webb, and conspiring to violate his civil rights, Defendants violated Webb's constitutional rights.

At all relevant times, Defendant Pelko, as the Chief of EPD, supervised Defendant officer(s) At all relevant times, Defendant Lt Officer James Welsh as a Supervisor at EPD, supervised Defendant officer(s) within EPD.

At all relevant times, Defendant Amanda Deery, as the Law Director, supervised Defendants.

At all relevant times, Defendant Eric Rothgery, as the Clerk of court, supervised Defendant Matt Krosse. The Defendants deliberate indifference and negligent failure to provide adequate training to and supervision of their employees was a direct and proximate cause of the violation of Webb's rights.

As a result of Defendants, deliberate indifference, WEBB suffered damages.

### Ninth Cause of Action
## MALICIOUS PROSECUTION

Mr. Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendant's, THE CITY OF ELYRIA, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity, ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity,, LT OFFICER JAMES WELSH Individually, Supervisory and in his Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Defendant Oliver, under the supervision of Defendant Deery continued to pursue criminal proceedings against Webb. Defendant Oliver was aware that such case lacked any illegal element(s) or probable cause to pursue the matter(s). Even more so defendant's retaliated against Webb with Malice when he refused to submit to a plea offer. In response defendant(s) pursue additional charges that met zero of the required element(s) of the crime. Not a single witness the defendants presented corroborated the elements needed for this additional charge that was presented. In fact every witness the defendant presented refuted the required elements of the crime. Even so the defendants continued to pursue baseless charges against Webb. The criminal proceedings end with an acquittal in Webb's favor.

Defendant(s) Mitchell and Weber pursued a malicious prosecution with ill intent, while lacking probable cause in case 2022CRB00160. The falsified their official reports to conspire with Krosse to pursue an original warrant without probable cause. Such actions were done so with the supervision of Welsh and Rothgery.

Defendant(s) Mitchell and Oliver pursued an additional criminal proceeding against Webb

with ill intent, while lacking probable cause in case 2022CRB00409. These criminal proceedings were initiated by Oliver directing Mitchell to arrest Webb for an additional criminal case. These actions were baseless and lacked any legal foundation for criminal proceedings and were fueled solely off retaliation. Defendant Oliver at all relevant times was working under the direction and supervisor of Deery.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

### Tenth Cause of Action
### (VIOLATION OF FOURTEENTH AMENDMENT: DUE PROCESS PURSUANT TO 42 U.S.C. § 1981 &/OR 1983)

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendant's, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity,ASHLEY DUESLER, Individually and in her Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity, were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

On multiple occasions the defendants interfered with the rights of Webb's Due process by intentionally hampering or taking actions in an effort to delay his right to due process. Such as by

seeking out a protection order on behalf of the alleged victim and not timely serving Webb. By circumventing and interfering with the time requirement for hearings on the matter. By hiding exculpatory evidence for months claiming it didn't exist. By intentionally waiting to charge Webb with additional charges in an effort to delay his speedy trial demand.

Defendants continued to threaten to arrest Webb for participating in lawful activities. Defendants would continue to assert lawless and baseless claims supported by no statute or lawful order of the court.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

## Eleventh Cause of Action
### (VIOLATION OF SIXTH AMENDMENT: SPEEDY TRIAL PURSUANT TO 42 U.S.C. § 1983)

Mr. Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendant's, THE CITY OF ELYRIA, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity,
CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

From the onset of the criminal proceedings Webb made it clear on the record verbally and in writing the he wanted to assert a speedy trial. Upon his arraignment an attorney he had never met waived his speedy trial. Webb immediately alerted the court in a pleading that this action was not authorized and to withdraw such waiver. Webb asserted in the pleading that he had no intention of waiving his speedy trial and if he did he would say it on the record in court.

The defendants continued to try to circumvent his speedy trial by delaying bringing additional charges against him. They also would continually try to hide language in the orders at each pre-trial

that the defendant was asking for more time or for another pre trial. This was not the case. Webb did not ever ask for additional time or for a single pre trial. Any hearing conducted were to address pre trial confinement orders that Webb believed to be unlawful and a hearing to address why the defendants were not turning over evidence, such hearing would be tolled upon the defendants for a willful violation.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

### **Twelfth Cause of Action**
### **(VIOLATION OF EIGHTH AMENDMENT: CRUEL & UNUSUAL PUNISHMENTS PURSUANT TO 42 U.S.C. § 1983)**

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendants, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity, ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Defendants interference with Webb's relationship with his minor child were unlawful, unwarranted and lacked probable cause. A result of such removed his minor child from his care in excess of 6 months. It strained his relationship with his minor child at an important age for development of a young girl. Furthermore the defendant continued to unlawfully interfere with the

parental rights of Webb. For example Webb was in communication with his child's school to gain access to some of her records for trial purposes. Defendants unlawfully instructed the school to not follow the juvenile court order that mandates Webbs rights as a parent. Defendants argued that the protection order invalidated his rights to his child. Webb disagreed that the protection order had any such language to support defendants claims nor would any other court, outside of the the juvenile court have jurisdiction to make such change.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

### **Thirteenth Cause of Action**
### **(VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS: EXCESSIVE FORCE PURSUANT TO 42 U.S.C. § 1983)**

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendants, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, Were employed by the City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C.1983.

In arresting Webb, defendants jointly and in concert used excessive and unreasonable force against him. By using excessive and unreasonable force against Webb, defendants deprived Webb of his clearly established rights under the Fourth and Fourteenth Amendment's to be free from excessive and unreasonable force.

As a result of the excessive and unreasonable force that Defendants used, Webb suffered damages.

**Fourteenth Cause of Action**

**(VIOLATION OF OHIO CONSTITUTION ARTICLE I, SECTION 2 : EQUAL PROTECTION)**

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendants,, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, ASHLEY DUESLER, Individually and in her Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Defendants falsely arrested, and unjustly treated Webb on account of his gender, religious and political views. If he had been a woman with different views, the defendants would not have treated him in the manner in which they did, or with the disrupt or force with which they did. Defendants developed and pursued an invented theory, based on the fact Webb was a male father figure.The history of bias-based policing in Elyria and across America supports the claim that the officers acted intentionally and with bias against Webb. As a direct and proximate case of such acts, Defendants violated 42 U.S.C. 1983 by violating his Fourteenth Amendment right to equal protection under the laws.

**Fifteenth Cause of Action**

**(VIOLATION OF OHIO CONSTITUTION ARTICLE I, SECTION 16 : DUE PROCESS)**

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

At all relevant times, Defendant's, THE CITY OF ELYRIA, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity, ASHLEY DUESLER, Individually and in her Official Capacity were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

On multiple occasions the defendants interfered with the rights of Webb's Due process by intentionally hampering or taking actions in an effort to delay his right to due process. Such as by seeking out a protection order on behalf of the alleged victim and not timely serving Webb. By circumventing and interfering with the time requirement for hearings on the matter. By hiding exculpatory evidence for months claiming it didn't exist. By intentionally waiting to charge Webb with additional charges in an effort to delay his speedy trial demand.

Defendants continued to threaten to arrest Webb for participating in lawful activities. Defendants would continue to assert lawless and baseless claims supported by no statute or lawful order of the court.

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

### Sixteenth Cause of Action
## (VIOLATION OF FOURTEENTH AMENDMENT: FALSE IMPRISONMENT PURSUANT TO 42 U.S.C. § 1981 & 1983)

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

By acts and omissions described above, defendants, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Defendant(s) actions results in Webb being falsely imprisoned in the Lorain County Jail, as well as pre trial conditions set forth proceeding Webb posting bond.

As a direct and proximate result of Defendant false imprisonment, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, loss of liberty, mental distress, and anguish as alleged in this Complaint.

### Seventeenth Cause of Action
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.
By acts and omissions described above, defendants, THE CITY OF ELYRIA, OFFICER PAIGE MITCHELL, Individually and in her Official Capacity, OFFICER JOSEPH FIGULA Individually and in his Official Capacity, OFFICER MIKE MERRILL Individually and in his Official Capacity, OFFICER ANTHONY WEBER Individually and in his Official Capacity, OFFICER JASON

CUNNINGHAM Individually and in his Official Capacity, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, CHIEF WILLIAM PELKO Individually, Supervisory and in his Official Capacity, LT OFFICER JAMES WELSH CUNNINGHAM Individually, Supervisory and in his Official Capacity, CLERK OF COURTS ERIC ROTHGERY Individually, Supervisory and in his Official Capacity, CHIEF DEPUTY CLERK MATT KROSSE Individually, Supervisory and in his Official Capacity were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

That at said time and place, Defendant(s) acted in an extreme and outrageous manner by intentionally arresting Plaintiff without any probable cause and continuing to prosecute him. Defendant(s) intended to inflict severe emotional distress upon Plaintiff or knew that there was a high probability that their conduct would cause him, and those around him, to suffer severe emotional distress humiliation, loss of liberty, mental distress and anguish, and other consequential damages,

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained financial damages and severe emotional distress, including but not limited to fear about future interaction with law enforcement.

### Eighteen Cause of Action
### (PROSECUTORIAL VINDICTIVENESS)

Webb realleges and incorporates each and every allegation contained in the preceding paragraphs.

THE CITY OF ELYRIA, ATTORNEY AMANDA DEERY, Individually, Supervisory and In her Official Capacity,  ATTORNEY BRANDON OLIVER, Individually and in his Official Capacity, were employed by the defendant, City of Elyria and acted " under color of state law" within the meaning of 42 U.S.C. § 1983.

Oliver, under the direction and supervision of Deery retaliated against Webb, by way of directing defendant Officer Mitchell to arrest Webb and charge him with another Domestic Violence county in case 2022CRB00409.  Defendant's actions were solely in response to Webb's enforcement of his protected rights to deny the allegations and adversely fight the charges in the criminal proceedings.

If defendant wanted to pursue additional charges against Webb, they had ample time to do so, as they had all the relevant facts of the cases at onset of the investigation and pursuit of the original criminal charges. However Oliver and Deery decided that in response of Webb refusing to accept the plea offers made and his outspoken stance on his intention to fight the criminal charges, the defendants pursued the additional charges against Webb. The additional charges pursued lacked any legal foundation. There was zero written, audio or visual evidence submitted that supported any probable cause on the elements of the charges. The primary witnesses and complaining parties in fact contradicted the elements required for such charges to be pursued.

Webb asserts that threatening a child of corporal punishment is protected free speech. It is a fundamental right of Webb to raise his child as he see fit in accordance with the law. The arguments defendant Oliver makes is ridiculous to claim a parent has a right to spank their children but not make the threat to spank their children.  Mr. Oliver throughout these legal proceedings attacks the parenting style of Webb and talks about reasonableness. One of the elements of testing reasonableness in these types of cases is the elevations of punishment to a child. Clearly using words to convey to a child that you will punish them before doing so is a way of elevating a punishment, to allow a child to change their direction to avoid the punishment.

That at said time and place, Defendant(s) acted in an extreme and outrageous manner by intentionally retaliating against Plaintiff without any probable cause in pursuit of additional criminal proceedings.

Defendant(s) intended to inflict severe emotional distress upon Plaintiff or knew that there was a high probability that their conduct would cause him, and those around him, to suffer severe emotional distress humiliation, loss of liberty, mental distress and anguish, and other consequential damages,

That as a direct and proximate result of Defendant(s) acts at said time and place, Plaintiff sustained severe emotional distress, including but not limited to fear about future interaction with law enforcement.

**WHEREFORE**, Webb requests that this court:

a. A declaration that Defendants arrested Webb, unlawfully and without probable cause.

b. Award damages against all Defendants for compensatory damages, punitive damages, lost wages, lost profits, liquidated damages, prejudgement interest.

c. Award all reasonable costa and attorneys fees incurred in connection with this action.

d. Award injunctive relief against defendants, including ordering the removal of the defamatory report(s) and any and all other defamatory representations regarding Webb from its website and internal reports; enhanced and ongoing training of all EPD officers on implicit bias, Parental Rights, Corporal Punishment, Domestic Violence, report writing, Evidence gathering, constitutional law and policy reviews of other investigative best practices;

e. That the Court grant the Plaintiff a trial by Jury; and

f. Award such other relief as this Court may deem necessary and appropriate.

### JURY DEMAND

Webb demands a jury trial on all counts so triable.

### REQUEST FOR SERVICE
### TO THE CLERK:

Please serve summons and a copy of the foregoing Complaint, via certified
mail, return receipt requested, upon Defendants at the address indicated in the caption hereof.

#### Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge,
information, and belief that this complaint: (1) is not being presented for an improper purpose, such
as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by
existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3)
the factual contentions have evidentiary support or, if specifically so identified, will likely have
evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the
complaint otherwise complies with the requirements of Rule 11.

This the 5th day of June, 2023.

Respectfully Submitted,

*/s/ Sean M Webb*
*Sean M Webb - Pro Se Plaintiff*
*3414 Erhart Road*
*Litchfield, Ohio 44253*
*Sean_Webb@outlook.com*
*216-2963191*

1

2

### Exhibits Attached

3

| | |
|---|---|
| Plaintiff Exhibit 1 | Certified Copy of Charges in Case #2022CRB00160. 2 pages (front/back) |
| Plaintiff Exhibit 2 | Certified Copy of Charges in Case #2022CRB00409. 1 page |
| Plaintiff Exhibit 3 | Elyria Police Case Report, print date 4/10/2023. 16 pages |
| Plaintiff Exhibit 4 | Elyria Police Dept Complaint Form. Dated 4-10-2023. 2 pages |
| Plaintiff Exhibit 5 | Elyria Police Dept Complaint Form Addendum. 4-21-2023. 3 pages |
| Plaintiff Exhibit 6 | Elyria Police Supervisor Report dated 4-13-2023. 3 pages |
| Plaintiff Exhibit 7 | Certified acquittal order in Case(s) # 2022CRB00160, 2022CRB00409. 1 page |
| Plaintiff Exhibit 8 | Transcript 2/4/2022 Hearing Elyria Muni Case 2020CRB00160 (USB Drive) |
| Plaintiff Exhibit 9 | Manipulated Video (USB Drive) |
| Plaintiff Exhibit 10 | Original Video (USB Drive) |
| Plaintiff Exhibit 11 | Video record of Criminal Proceedings  (USB Drive) |
| Plaintiff Exhibit 12 | Original Video Frame by Frame  (USB Drive) |